IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHENEGA MANAGEMENT, L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2789C |
| | ) | (Judge Gibson) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant, the United States, admits, denies, and alleges as follows:

Nature of the Case

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Parties

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted.

3. Admits.

Jurisdiction and Venue

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

<u>The Contract</u>

5. Admits the allegations contained in paragraph 5 to the extent supported by contract number F29651-01-C-0011, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract and contract modifications, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 7.

8. The allegations contained in paragraph 8 constitute conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegations contained in paragraph 9 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

Dispute Giving Rise to the Complaint

10. Admits that a modification to the contract was issued on or about June 5, 2001, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits that plaintiff submitted an invoice on or about July 2, 2001, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits the allegation contained in the first sentence of paragraph 12 to the extent that communications occurred between Contracting Squadron personnel at Holloman Air Force Base and plaintiff during 2001 and 2002 regarding contract requirements and payments related to painting under the contract; otherwise, denies the allegations contained in the first sentence of paragraph 12. Admits the allegation contained in the second sentence of paragraph 12 to the extent that plaintiff, on or about December 31, 2002, submitted a letter addressed to Helena S. Smith of the 49th Contracting Squadron concerning the subject "Notification of Changed Conditions; Contract F29651-01-C-0011," which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of

paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits that the Contracting Officer issued a memorandum dated 12 August 2003 to plaintiff (exhibit 1 of plaintiff’s complaint), which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 13.

14. The allegations contained in the first sentence of paragraph 14 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied. Concerning the second and third sentences of paragraph 14, admits the Air Force has received at least one or more invoices from plaintiff related to paint work under the Change of Maintenance (COM) contract line item of the contract; otherwise denies the allegations contained in the second and third sentences of paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. The allegations contained in paragraph 15 constitute conclusions of law and plaintiff’s characterization of its case to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in paragraph 16 constitute conclusions of law and plaintiff’s characterization of its case

to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

Requested Relief

17. Denies that the plaintiff is entitled to the relief requested in paragraph 17 and its subparagraphs, or to any relief whatsoever.

18. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, that the complaint be dismissed, and that defendant be granted such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s Matthew P. Reed
MATTHEW P. REED
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St, N.W
Washington, D.C. 20530
Tele: (202) 307-6289
Fax: (202) 305-2118

Of Counsel:
Major Lawrence M. Anderson
Trial Attorney
AFLSA/JACN
1501 Wilson Blvd, Room 606
Arlington, VA 22209-2403

February 5, 2004

Attorneys for Defendant